UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT C. MCMATH,

    Petitioner,

    v.                          Case No. 25-C-882

PAULA STOUDT,

    Respondent.

---

## SCREENING ORDER

---

On June 20, 2025, Petitioner Robert C. McMath, who is currently incarcerated at the Wisconsin Secure Program Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. McMath was convicted in Milwaukee County Circuit Court of three counts of trafficking of a child and three counts of soliciting a child for prostitution. He was sentenced to 29 years of initial confinement and 10 years of extended supervision. On June 23, 2025, the court dismissed McMath's petition for failure to state a claim but gave him leave to file an amended petition. He has now done so, and the court will proceed to screen his amended petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. Rule 4 reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

McMath asserts six claims: (1) the circuit court erred in denying McMath's motion for postconviction discovery; (2) ineffective assistance of counsel for failing to make appropriate "Bellows Shiffra/Green, Pulizzano, and Denny Motions;" (3) ineffective assistance of counsel for failing to secure a cell phone data expert; (4) ineffective assistance of counsel for failing to obtain a psychological expert; (5) ineffective assistance of counsel for failing to investigate and call certain defense witnesses; and (6) the postconviction court erred in not granting McMath's request for an evidentiary hearing. Dkt. No. 5 at 7.

A § 2254 petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c), Rules Governing § 2254 Cases. McMath's amended petition still fails to allege facts sufficient to show a cognizable claim. Rather than include facts supporting his claims, McMath directs the court to see the attached brief he filed with the Wisconsin Court of Appeals. "Habeas corpus petitions must meet heightened pleading requirements . . . ." *McFarland v. Scott*, 512 U.S. 849, 956 (1994) (citing Rule 2(c), Rules Governing § 2254 Cases). The reason for the heightened pleading requirement in habeas cases is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). McMath has failed to describe his claims with sufficient specificity to state a cognizable claim, and his amended petition could be dismissed on this basis alone. Having reviewed McMath's brief filed with the Wisconsin Court of Appeals

as well as the state court decisions attached to McMath's amended petition, the court concludes that McMath is not entitled to habeas relief.

This petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254. Under AEDPA, a federal court may grant habeas relief only when a state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" decisions from the Supreme Court, or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *see also Woods v. Donald*, 575 U.S. 312, 315–16 (2015). A state court decision is "contrary to . . . clearly established Federal law" if the court did not apply the proper legal rule, or, in applying the proper legal rule, reached the opposite result as the Supreme Court on "materially indistinguishable" facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision is an "unreasonable application of . . . clearly established Federal law" when the court applied Supreme Court precedent in "an objectively unreasonable manner." *Id.* That is, and was meant to be, an "intentionally" difficult standard to meet. *Harrington v. Richter*, 562, U.S. 86, 102 (2011). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

The background facts are taken from the Wisconsin Court of Appeals' decision affirming McMath's judgment of conviction. Dkt. No. 5-2 at 18–32. After a seven-day trial, a jury convicted McMath of three counts of trafficking a child and three counts of soliciting a child for prostitution for trafficking two juvenile victims, D.M.J. and K.K.Y., in Milwaukee during the spring and summer of 2015. The jury acquitted McMath of one count of second-degree sexual assault of a

3

child based on K.K.Y.'s report that she had oral sex with McMath in his apartment in August 2015. Both victims were runaways who McMath contacted after they left their group homes. On May 7, 2015, D.M.J. was arrested with her sister, McMath, and McMath's friend during a traffic stop. K.K.Y. subsequently identified McMath from a booking photograph as the person trafficking her. *Id.* at 19.

During the trial, the victims and the investigating officers testified, and the State introduced text data from D.M.J.'s cell phone corroborating her testimony that she was being trafficked by McMath in the locations indicated in the complaint in early May 2015. The cell phone text data could not corroborate her testimony related to charges in early portions of 2015; D.M.J. testified that her cell phone was new and that her previous phone was stolen by McMath shortly before they were arrested. The jury convicted McMath of the trafficking and soliciting charges, and the circuit court sentenced McMath to a total of 29 years of initial confinement and 10 years of extended supervision. *Id.* at 19–20.

McMath filed a postconviction motion seeking postconviction discovery and asserting that trial counsel was ineffective. His discovery motion sought the victims' juvenile court and mental health records in addition to D.M.J.'s sister's contact information and cell phone records. McMath alleged that trial counsel was ineffective for failing to (1) retain a cell phone expert; (2) file a *Bellows* motion seeking any juvenile court records the victims may have; (3) file a *Shiffra/Green* motion seeking inspection of any mental health care records the victims may have; (4) present a psychologist to opine on whether the victims might be transferring responsibility for their trafficking onto McMath; (5) file a *Denny* motion to argue that the victims were trafficked by others; and (6) call several additional witnesses. The circuit court denied the motion without a

hearing on the grounds that it was insufficiently pleaded and provided no legally supported argument for the claims. *Id.* at 20–21.

McMath subsequently filed an appeal. The Wisconsin Court of Appeals affirmed, concluding that the circuit court properly denied McMath's postconviction discovery motion and the motion for postconviction relief without a hearing. The court affirmed the judgment of conviction and the order of the circuit court denying McMath's postconviction motions. *Id.* at 31. After the Wisconsin Supreme Court denied McMath's petition for review on November 12, 2024, McMath filed the instant petition for federal relief under 28 U.S.C. § 2254. *Id.* at 36.

As an initial matter, McMath claims that the circuit court erred in denying his motion for postconviction discovery and request for an evidentiary hearing. Whether McMath was entitled to postconviction discovery or an evidentiary hearing are matters of state law not cognizable in federal habeas. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Because these are issues of state law and do not implicate federal or constitutional law, these claims are not appropriate for federal habeas relief.

McMath also asserts four claims of ineffective assistance of counsel. A claim of ineffective assistance of trial counsel is governed by well-established law set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must show that (1) counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) counsel's deficient performance deprived the defendant of a fair trial. *Id.* at 687–88. A petitioner satisfies the first prong if he demonstrates that "counsel's representation fell below an objective standard of reasonableness." *Id.* To satisfy the second prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's

5

unprofessional errors, the result of the proceeding would have been different." *Id.* "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particularized act or omission of counsel was unreasonable." *Id.* at 689. For this reason, the Supreme Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

McMath asserts that trial counsel was ineffective for failing to call five witnesses in his defense. The Wisconsin Court of Appeals summarized the potential witnesses' testimony as follows:

> The first witness, McMath's cousin Cornelius Parrow, would have testified that McMath frequently "hung out" at his house, and that would explain certain cell phone tower data relied upon by the State. The second, McMath's employer Richard Grimord, would have testified that McMath worked approximately 218 hours between March 22 and May 3, 2015, apparently supporting the argument that McMath was too busy at work to traffic the victims. The third, McMath's friend Corey Patterson, would have testified that he, McMath, D.M.J., and D.M.J.'s sister were on their way to "hang out at [Parrow's] place" rather than on their way to traffic the victims when the four were stopped by police. The fourth, McMath's former landlord Gregory Goner, would have testified that he gave McMath the keys to his apartment "on or around August 4, 2015." The fifth, D.M.J.'s sister, would have explained "her side of what transpired when four were in car May 7, 2015."

Dkt. No. 5-2 at 30–31. The Wisconsin Court of Appeals concluded that none of these witnesses would have undermined confidence in the outcome of the trial. The court explained, "The anticipated testimonies of many of these witnesses are not in any way inconsistent with McMath trafficking the victims as they described." *Id.* at 31. It held that trial counsel was not ineffective

6

for failing to call the witnesses McMath identified. *Id.* Under the deferential standard of review this court must apply, the state court's conclusion must stand.

McMath also argues that trial counsel was ineffective in three other ways. First, he asserts that counsel was ineffective for failing to hire a cell phone expert to point out flaws in the State's analysis of cell phone data collected from D.M.J.'s and McMath's cellphones. Second, McMath claims that trial counsel was ineffective for failing to present a psychologist to testify about the victims' sexual histories at trial and opine about whether the histories could have impacted their truthfulness about the trafficking allegations or whether they "transferred" the responsibility for their trafficking to McMath after being trafficked by someone else. And third, he contends that trial counsel was ineffective for failing to file a *Denny* motion to pursue a third-party-perpetrator defense as well as *Bellows* and *Shiffa/Green* motions to obtain the child victims' juvenile court records. The Wisconsin Court of Appeals concluded that McMath only presented conclusory allegations with respect to prejudice and did not meet his pleading burden under *State v. Allen*, 2004 WI 106, 274 Wis. 2d 568, 682 N.W.2d 433, for these ineffective assistance of counsel claims.

It is clear from the state court's decision that these claims of ineffective assistance were decided on state procedural grounds and federal relief is thus barred. As the Seventh Circuit explained in *Lee v. Foster*, "a claim will be procedurally defaulted—and barred from federal review—if the last state court that rendered judgment 'clearly and expressly' states that its judgment rests on a state procedural bar." 750 F.3d 687, 693 (7th Cir. 2014) (citation omitted). In *Lee*, the court held that the rule set forth by the Wisconsin Supreme Court in *State v. Allen*, requiring specific allegations of fact needed to show relief in order to obtain an evidentiary hearing, is an adequate and independent state law basis that precludes federal review under § 2254. The court explained:

> The rule requires a petitioner to provide sufficient material facts, "e.g., who, what, where, when, why, and how-that, if true, would entitle him to the relief he seeks." *Allen*, 682 N.W.2d at 436. Lee contends that the level of specificity in his postconviction motion—as an incarcerated defendant who was purportedly represented by ineffective counsel at both the trial and appellate levels—should be sufficient to withstand review under the *Allen* rule. Yet our review of the adequacy of a state ground is limited to whether it is a firmly established and regularly followed state practice at the time it is applied, not whether the review by the state court was proper on the merits. And the *Allen* rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate. *See, e.g.*, *State v. Negrete*, 343 Wis. 2d 1, 819 N.W.2d 749, 755 (2012); *State v. Balliette*, 336 Wis. 2d 358, 805 N.W.2d 334, 339 (2011); *State v. Love*, 284 Wis. 2d 111, 700 N.W.2d 62, 68–69 (2005); *State v. McDougle*, 347 Wis. 2d 302, 830 N.W.2d 243, 247–48 (Ct. App. 2013). Consequently, we find the state procedural requirement relied upon by the Wisconsin Court of Appeals both independent and adequate. Lee's ineffective assistance claim is procedurally defaulted.

*Id.* at 693–94.

While a procedural default can be excused if a petitioner can show cause and prejudice or that the failure to review the claim would result in a miscarriage of justice, there is no need to offer McMath an opportunity to make such a showing here. For even if McMath's claims were not procedurally defaulted, the result would be the same. It is clear from a review of the decision of the Wisconsin Court of Appeals that the state court decision is neither contrary to nor an unreasonable application of clearly established federal law. And nothing in the amended petition suggests that the state court's factual determinations were unreasonable in light of the evidence presented. McMath's ineffective assistance of counsel claims must therefore be dismissed.

**IT IS THEREFORE ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases, and the clerk is directed to enter judgment dismissing the case. A certificate of appealability will be denied. I do not believe that reasonable jurists would believe that McMath has made a substantial showing of the denial of a constitutional right.

McMath is advised that the judgment entered by the clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

Dated at Green Bay, Wisconsin this 25th day of July, 2025.

William C. Griesbach
United States District Judge